BENJAMIN B. WAGNER
United States Attorney
SHERRY D. HARTEL HAUS
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700
(916) 554-2900 FAX

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**JORDAN JAMES KIRBY,**<br>　**aka Tavus Kole,**<br>　**aka Travis Cole,**<br>　**aka Jay Bourne,**<br>　**aka Alex Tracy,**<br><br>　　　　Defendants. | CASE NO.  2:14-CR-0225 GEB<br><br>**STIPULATION AND PROTECTIVE ORDER** |

　　　Plaintiff United States of America, by and through its attorneys of record, and defendant Jordan James Kirby, by and through his counsel of record, hereby stipulate as follows: that the documents provided as discovery in this case to defense counsel are subject to a Protective Order.  Defendant is charged with enticement and attempted enticement of a minor and attempted production of child pornography.

　　　1.　　The discovery in this case is voluminous, and portions of the discovery contain personal information including, but not limited to, victims' names or other information that makes their identity readily apparent, residential addresses, social security numbers, telephone numbers, and email addresses (hereinafter "Protected Information").

　　　2.　　In the absence of a Protective Order, numerous redactions would be

necessary to avoid the unauthorized disclosure or dissemination of Protected Information to individuals not party to the court proceedings in this matter.

    3.     By this stipulation, the parties jointly request that the Court issue a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and its general supervisory authority.

    4.     The Protective Order applies to all discovery containing Protected Information. Discovery that does not contain Protected Information is not subject to the Protective Order.

    5.     By signing this Stipulation, defense counsel agrees that the Protected Information is entrusted to counsel only for the purposes of representing his client, the defendant in this criminal case and for no other purpose. Defense counsel shall not give documents that contain Protected Information (or copies of such documents) to any person other than the defendant, the defendant's spouse, counsel's staff, investigator(s), or retained expert(s). The terms "staff," "investigator," and "expert" shall not be construed to describe any defendant or other person not: (1) regularly employed by counsel, or (2) hired by counsel as an independent contractor to work exclusively on this case, (3) licensed as an investigator, or (4) retained as an expert. The defendant, the defendant's spouse, and defense counsel's staff, contractor(s), investigator(s), and expert(s) shall not give documents that contain Protected Information (or copies of such documents) to any person. Defense counsel will have a duty to inform his defense investigators, experts, and support staff of this Order and provide them with a copy of it. In addition, all filings in which Protected Information is contained shall be made in accordance with Federal Rule of Criminal Procedure 49.1. Any person receiving Protected Information or a copy of the Protected Information from defendant's counsel shall be bound by the same obligations as counsel and further may not give the Protected Information to anyone (except that the protected documents shall be returned to counsel).

    Counsel agrees to store Protected Information in a secure place, such as defense counsel's office, and to use care to ensure that information is not disclosed to third parties

in violation of this agreement.  At the conclusion of the case, defense counsel agrees to destroy all copies of Protected Information or to return the Protected Information to the United States and certify that this has been accomplished.

In the event that the defendant substitutes counsel, undersigned defense counsel agrees to withhold these documents from new counsel unless and until substituted counsel agrees also to be bound by this Order.

6. This order does not cover items whose disclosure is limited pursuant to 18 U.S.C. § 2258A (g)(2) and 18 U.S.C. § 3509(m).  Such material that constitutes child pornography will remain within the custody and control of law enforcement at all times.  Law enforcement will provide access to the material.

7. Nothing in this stipulation will be construed to prevent defense counsel, counsel's staff, investigator(s), or expert(s) a reasonable opportunity to prepare.

IT IS SO STIPULATED.

Dated: September 15, 2014                    Respectfully Submitted,

                                             BENJAMIN B. WAGNER
                                             United States Attorney


                                         By: */s/ SHERRY D. HARTEL HAUS*
                                             SHERRY D. HARTEL HAUS
                                             Assistant U.S. Attorney


Dated: September 15, 2014
                                             */s/ SHERRY D. HARTEL HAUS* for
                                             BENJAMIN GALLOWAY
                                             Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.  2:14-CR-0225 GEB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **PROTECTIVE ORDER** |
| ) | |
| **JORDAN JAMES KIRBY,** ) | |
|   **aka Tavus Kole,** ) | |
|   **aka Travis Cole,** ) | |
|   **aka Jay Bourne,** ) | |
|   **aka Alex Tracy,**, ) | |
| | |
| Defendant. | |

Pursuant to the stipulation of the parties, the proposed protective order is APPROVED AND SO ORDERED.

Dated:  September 15, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE