UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

Case No. 2:14-cr-00225-JAM-1

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

JAMES JORDAN KIRBY

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable

factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of      is reduced to

. If this sentence is less than the amount of time the defendant already served, the sentence

is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

        ☐ This order is stayed for up to fourteen days, for the verification of the

defendant's residence and/or establishment of a release plan, to make

appropriate travel arrangements, and to ensure the defendant's safe

release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of           months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☐ FACTORS CONSIDERED (Optional)

As an initial matter, Defendant failed in part to exhaust his administrative remedies.  See Opp'n at 6, 15-17, ECF No. 46.  Defendant's request to the Bureau of Prisons for a reduction of sentence was based on medical conditions along with his long sentence, early age at the time of his offense, and his rehabilitation.  Id. at 6.  Thus, as the Government concedes, he has satisfied the exhaustion requirement with respect to these claims.  Id.  He has not done so, however, with respect to the family circumstances claim that he raises for the first time in his motion.  See Mot. at 4-5, ECF No. 41.

Even if the Court were to overlook Defendant's partial failure to exhaust, the Court finds neither Defendant's medical conditions nor his family circumstances nor any other reason provided by Defendant, see generally Mot., constitute extraordinary and compelling circumstances See Opp'n at 9-14, 17-19.  Moreover, Defendant has served less than a third of his 29-year sentence.  Id. at 19.  Considering the serious nature of his crimes, a reduction in Defendant's sentence would undermine the 18 U.S.C. § 3553(a) sentencing factors by minimizing the original

sentence's deterrent effect and failing to protect the public from the possibility of further crimes by Defendant.

In sum, the Court agrees "the egregious nature of [Defendant]'s instant offenses… the need for just punishment, the need to deter future crime, and the need to protect the public from future crimes, all weigh against any reduction in [Defendant]'s sentence."  Opp'n at 22. Accordingly, Defendant's motion is DENIED.

☐  DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: October 12, 2021

_____
    UNITED STATES DISTRICT JUDGE